UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**RICHARD VIDIRI, individually and on behalf of a class of others similarly situated,**

        **Plaintiff,**

vs.

**PAYLOCITY CORPORATION, an Illinois Corporation,**

        **Defendant.**

_____/

**CASE NO.:**

**COMPLAINT – CLASS ACTION**

## CLASS ACTION COMPLAINT

Plaintiff, RICHARD VIDIRI, individually and on behalf of a class of others similarly situated (collective "the Putative Class"), by and through his undersigned counsel, brings this Class Action Complaint against Defendant, PAYLOCITY CORPORATION, an Illinois Corporation, and alleges as follows:

1. Plaintiff and the Putative Class are commissioned Account Executives who sell Defendant's services to clients across the United States.

2. Plaintiff brings this action against Defendant for himself and on behalf of the Putative Class for breach of an agreement related to unpaid commissions based on the commission agreements Defendant created to pay commissions to these employees. Specifically, Defendant failed to pay Plaintiff and other Account Executives full and complete commissions for all sales submitted by Fiscal Year end 2021 (which ended June 30, 2021). Instead of paying those sales submitted according to the Fiscal Year 2021 plan (the "2021 Plan"), as the agreement between the Parties required, Defendant instead used the Fiscal Year

1

2022 plan (the "2022 Plan") to pay Plaintiff and other Account Executives for their Fiscal Year 2021 sales, which resulted in them receiving lower commissions than they were entitled to. After this occurred, Defendant faced significant backlash from its Account Executives and ultimately reversed course and began using the 2021 Plan again. However, Defendant failed to go back and pay Plaintiff and all other Account Executives the complete commissions owed to them under the 2021 Plan for sales which were submitted by the end of Fiscal Year 2021 but paid incorrectly. This action seeks to recover these amounts for Plaintiff and the Putative Class.

## GENERAL ALLEGATIONS

3. Defendant PAYLOCITY CORPORATION is an Illinois corporation with its principal place of business in Schaumberg, Illinois.

4. Defendant is a Human Resources and Payroll software company which sells its services to businesses throughout the United States. *See* https://www.paylocity.com.

5. To help sell its services to the public, Defendant employs Account Executives across the country to interface with the public and sell Defendant's products and services. *See* https://www.paylocity.com/careers/career-opportunities/sales-and-marketing/ (Defendant's website describing open Account Executive positions) (last visited July 12, 2022).

6. Based on Plaintiff's information and belief, there were and are close to five hundred fifty (550) Account Executives across the country at any given time.

7. All of the Account Executives subject to the 2021 Plan are subject to the same commission agreements and arrangements dictated by Defendant. While commission tiers and percentages may vary based on the individual's territory and assignment, the Account Executives in the putative class are subject to the exact same rules and regulations regarding

commission payment and timing.

8. Plaintiff resides in Orange County, Florida, and performed work for Defendant as an Account Executive from approximately March 10, 2014 to February 2022.

9. This Court has original jurisdiction over all claims in this action under the Class Action Fairness Act, 28 U.S.C. § 1332(d). This is a putative class action in which upon information and belief, (1) there are 100 or more members in the proposed class, (2) at least some members of the proposed class have a different citizenship from Defendant, and (3) the claims of the Plaintiff and the proposed class members exceed $5,000,000.00 in the aggregate.

10. Venue in this district is proper pursuant to 28 U.S.C. § 1391, because Defendant, according to the Office of the Illinois Secretary of State, has its principal place of business in Schaumberg, Illinois, which is within this judicial district.

## **FACTUAL BACKGROUND**

11. As a commissioned Account Executive, Plaintiff was paid certain commissions based upon the sales he accomplished for Defendant.

12. Under the 2021 Plan, for Fiscal Year 2021, which ran from July 1, 2020, through June 30, 2021, Plaintiff was paid 50% of his commissions immediately upon submitting the deal to Defendant.

13. Under the 2021 Plan, Defendant was required to pay the remaining 50% of the commissions on any sale submitted in Fiscal Year 2021, in an equal amount to the initial 50% commission paid, in the pay period following the first payroll processing pursuant to the sale.

14. Other Account Executives subject to the 2021 Plan were similarly paid their commissions (at their respective rates) under the same structure.

15. Beginning Fiscal Year 2022, Defendant failed to pay the full amount of

remaining commissions owed on sales submitted in Fiscal Year 2021 under the applicable 2021 Plan. Instead, Defendant deliberately underpaid commissions owed for sales made in Fiscal Year 2021 but not fully paid in Fiscal Year 2021 by treating such sales as though they had been submitted in the beginning of Fiscal Year 2022, and thus subject to a lower commission percentage than sales submitted in Fiscal Year 2021. Defendant thus improperly paid commissions owed on 2021 sales under the 2022 Plan,

16. Defendant's 2022 Plan began on July 1, 2021.

17. However, Defendant unilaterally and illegally began to use the 2022 Plan for sales submitted in Fiscal Year 2021.

18. For example, Plaintiff submitted sales deals in June 2021, entitling him to a commission under the applicable 2021 Plan.

19. Under the 2021 Plan, Plaintiff was entitled to 50% of his commission as calculated under the 2021 Plan at the time of the sale, and the remaining commission, in an equal amount to the first payment, in the pay period following the first payroll processing after the sale.

20. Yet, instead of paying Plaintiff on the 2021 Plan, Defendant paid Plaintiff the Fiscal Year 2022 rates under the 2022 Plan, resulting in significantly lower commissions paid to Plaintiff.

21. Plaintiff estimates based on this illegal action by Defendant, he has not been paid approximately $70,000 in earned commissions.

22. Other Account Executives subject to the 2021 Plan have similarly been paid less commissions than owed for sales deals submitted during Fiscal Year 2021 but paid out under the 2022 Plan.

23. Following this change in the late summer to fall of 2021, many Account Executives complained to Defendant about the structure of the 2022 Plan.

24. Ultimately, Defendant agreed to reverse course, and revise the 2022 Plan to align with the 2021 Plan.

25. But, Defendant did not go back and pay Plaintiff or any other Account Executive subject to the 2021 Plan missing commissions for the sales deals submitted prior to the end of the Fiscal Year 2021 as to which commissions had been paid at the wrong rates.

26. Defendant has breached its agreement with its sales employees, including Plaintiff and other Account Executives subject to the 2021 Plan, by failing to pay them at the agreed upon commission rates for all deals submitted during Fiscal Year 2021.

27. Plaintiff and other Account Executives subject to the 2021 Plan have been damaged in the loss of commissions as a result of Defendant's actions.

28. Through the sales efforts of Plaintiff and other Account Executives subject to the 2021 Plan, Defendant made significant profits.

29. The work Plaintiff and other Account Executives subject to the 2021 Plan performed was for Defendant's benefit.

30. It would be unjust for Defendant to retain the value of Plaintiff's work, as well as the work of other Account Executives subject to the 2021 Plan, without paying them the commissions to which they are entitled, the promise of which induced Plaintiff and the other Account Executives subject to the 2021 Plan to perform this valuable work in the first place.

## CLASS ACTION ALLEGATIONS

31. Plaintiff brings this action individually and as a class action pursuant to Rule

23 (a) and (b) of the Federal Rules of Civil Procedure. This action involves:

> All commissioned Account Executives who worked for Defendant during Fiscal Year 2021 and who submitted sales deals during Fiscal Year 2021 but were paid commissions at the Fiscal Year 2022 rates.

32. The persons in the Putative Class identified above are so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, upon information and belief, Defendant employed over five hundred employees who satisfy the definition of the Putative Class.

33. There are questions of law and fact common to this Putative Class that predominate over any questions solely affecting individual members of the Putative Class, including but not limited to:

  a. Whether Defendant breached its agreement with its commissioned sales employees by failing to pay deals submitted in Fiscal Year 2021 at the Fiscal Year 2021 rates;

  b. Whether Plaintiff and the Putative Class have been damaged by Defendant's breach of this agreement;

  c. The proper measure of damages sustained by Plaintiff and the Putative Class; and

  d. Whether Plaintiff and the Putative Class are entitled to additional penalties, interest or damages by law.

34. Plaintiff's claims are typical of those of the Putative Class. Plaintiff, like other members of the Putative Class, was subjected to Defendant's actions described above and submitted one or more sales deals during Fiscal Year 2021 that was/were paid at the lower Fiscal Year 2022 rates.

35. Plaintiff will fairly and adequately protect the interests of the Putative Class, is committed to seeing that all affected commissioned sales employees are paid the monies owed to them, and has retained counsel experienced in complex class action litigation.

36. A class action is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of this litigation where individual plaintiffs lack the financial resources to vigorously prosecute separate lawsuits in federal court against a large corporate defendant.

37. Class certification of the claims is appropriate pursuant to Fed. R. Civ. P. 23(b)(1) because the prosecution of separate actions by individual members of the Putative Class would create a risk of duplicative litigation that might result in inconsistent or varying adjudications.

38. Class certification of the claims is also appropriate pursuant to Fed. R. Civ. P. 23(b)(2) because Defendant has acted or refused to act on grounds generally applicable to the Putative Class, thereby making appropriate declaratory and injunctive relief. The Putative Class is also entitled to injunctive relief to end Defendant's common and uniform practice of refusing to compensate its employees pursuant to the agreed to terms.

39. Class certification is also appropriate under Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to the Putative Class predominate over any questions affecting only individual members of the Putative Class, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation. Defendant's common and uniform agreement on how it pays commissions denies the Putative Class the complete commissions they were entitled to under the 2021 Plan. The damages suffered by the individual Putative Class members are relatively small compared to the expense and

burden of individual prosecution of this litigation.

40. Plaintiff intends to send notice to all members of the Putative Class to the extent required by Rule 23.

## COUNT I – BREACH OF CONTRACT

41. Plaintiff reincorporates and readopts all allegations contained within Paragraphs one (1) through thirty-seven (37) above.

42. Defendant had a uniform agreement and practice of creating Fiscal Year plans describing how commissions were to be paid to commissioned Account Executives.

43. In Fiscal Year 2021, Defendant agreed to pay its commissioned Account Executives certain rates and pursuant to the procedures and practices in that agreement as to sales submitted in Fiscal Year 2021.

44. However, even though Plaintiff and other Putative Class Members submitted sales deals to Defendant within and during the Fiscal Year 2021 time period, Defendant failed to pay the requisite commissions at the proper Fiscal Year 2021 rates.

45. Defendant has thus breached its agreement with its commissioned Account Executives by failing to pay them all commissions owed under the 2021 Plan.

46. As a direct result of Defendant's unlawful conduct, Plaintiff and the Putative Class have suffered a loss of the agreed upon commissions owed to them during this time period.

47. Plaintiff, for himself and on behalf of the Putative Class, seeks the amount of the unpaid commissions wrongfully withheld, attorneys' fees and costs as required by law, and such other legal and equitable relief this Court deems just and proper based on Defendant's unlawful conduct.

## COUNT II – UNJUST ENRICHMENT
## (in the alternative)

48. Plaintiff reincorporates and readopts all allegations contained within Paragraphs one (1) through thirty-seven (37) above.

49. Plaintiff and the Putative Class conferred a benefit upon Defendant when they performed work for the Defendant's profit and benefit, with an expectation that sales submitted in Fiscal Year 2021 would be paid pursuant to the 2021 Plan.

50. Defendant was aware of Plaintiff's and the Putative Class's expectation that they would be paid commissions on sales submitted in Fiscal Year 2021 under the 2021 Plan.

51. Plaintiff and the Putative Class generated significant revenue for Defendant through their work on its behalf.

52. It would be unjust to allow Defendant to retain the benefit of the revenue generated by Plaintiff and the Putative Class, where Defendant was aware of Plaintiff's and the Putative Class's expectation, did not pay Plaintiff and the Putative Class all of the commissions they reasonably expected to be paid for their work, and instead has retained the difference in commissions between the 2021 Plan rates and the 2022 Plan rates for itself.

## COUNT III - PROMISSORY ESTOPPEL
## (in the alternative)

53. Plaintiff reincorporates and readopts all allegations contained within Paragraphs one (1) through thirty-seven (37) above.

54. Defendant reasonably expected to induce Plaintiff and the Putative Class, and did induce these individuals to rely on Defendant's promises contained within the 2021

9

Plan.

55. Plaintiff and the Putative Class reasonably relied on Defendant's promises to pay commissions pursuant to the 2021 Plan.

56. Defendant refused to honor its promises made to Plaintiff and the Putative Class by failing to pay them all commissions owed under the 2021 Plan.

57. As a direct result of Defendant's unlawful conduct, Plaintiff and the Putative Class suffered a loss of their full, expected, and promised commissions owed during this time period.

58. Plaintiff, for himself and on behalf of the Putative Class, seeks the amount of the sales commissions withheld and such other legal and equitable relief this Court deems just and proper based on Defendant's unlawful conduct.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, on behalf of himself and the Putative Class, prays for relief as follows:

A. Certification of this action as a class action pursuant to Fed. R. Civ. P. 23 and appointment of Plaintiff and his Counsel to represent the Putative Class;

B. Judgment against Defendant for an amount equal to the Putative Class Representative's and the Putative Class's damages;

C. Declaratory judgment that Defendant's practices violate the law;

D. An award of prejudgment interest;

E. An award of attorneys' fees and costs; and

F. Such further relief as the Court deems just and equitable.

Respectfully submitted this 12th day of September, 2022.

        **MORGAN & MORGAN, P.A.**

        ***/s/ Kimberly De Arcangelis***
        Kimberly De Arcangelis, Esq.
        Florida Bar No. 0025871
        Morgan & Morgan, P.A.
        55 E. Monroe Street, Suite 380
        Chicago, Illinois 60603
        Telephone: (407) 420-1414
        Facsimile: (407) 245-3383
        E-mail: KimD@forthepeople.com

        -and-

        C. Ryan Morgan, Esq.
        Florida Bar. No 15527
        Morgan & Morgan, P.A.
        20 N. Orange Ave., 15th Floor
        Orlando, FL 32802-4979
        Telephone: (407) 420-1414
        Facsimile: (407) 245-3401
        E-mail: RMorgan@forthepeople.com

        -and-

        Angeli Murthy, Esq., B.C.S.
        Florida Bar No. 88758
        Morgan & Morgan, P.A.
        8151 Peters Rd., 4th Floor
        Plantation, FL 33324
        Tel: 954-318-0268
        Fax: 954-327-3016
        E-mail: Amurthy@forthepeople.com

        ***Attorneys for Plaintiff and the Putative Class***